IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT HORNE, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | NO. 13 C 3307 |
| ) | |
| CITY OF CHICAGO, OFFICER CELANI and ) | |
| OFFICER RODENBERG, ) | |
| ) | |
| Defendants. ) | |

**MOTION TO COMPEL**

NOW COMES the Plaintiff, ROBERT HORNE, by and through his attorney, BASILEIOS J. FOUTRIS, and respectfully requests this Honorable Court for an order compelling the Defendants to provide full responses to written discovery. In support thereof, he states as follows:

1. This case stems from the Defendants' alleged use of force against the Plaintiff on July 10, 2012. At present, fact discovery is set to be closed on January 31, 2014.

2. Shortly after the Court entered the scheduling Order the parties exchanged written discovery. The Plaintiff propounded interrogatories to the City and the individuals, and also requested certain materials pursuant to the rules of civil procedure.

3. To date, the Plaintiff has not received complete answers to the written discovery.

4. The Plaintiff has never received answers to the interrogatories that he propounded to Defendant Chicago – which were propounded on August 15, 2013. (See Interrogatories to Chicago, attached as Exhibit 1). Those answers are well overdue.

1

5. Also, the Plaintiff has not received a full and complete response to his requests to produce – which were also propounded upon the Defendants on August 15, 2013. (See Request for Production of Documents, attached as Exhibit 2).

6. First, the Plaintiff requested documents regarding how the Plaintiff arrived at the hospital on the date of his arrest. Those documents have never been produced. At a minimum, there should be some type of ambulance report and OEMC documents regarding that transport.

7. Second, in his request, the Plaintiff asked for any A & A's, or other documents, that would reveal the Defendants' activities on the date at issue. During their depositions the Defendants indicated that they filled out documents, referred to as "humpers" that recorded their activities on the date of the arrest. These types of documents have not been provided – even though they have been specifically requested multiple times (including during and after the Defendants' depositions).

8. Third, the Plaintiff asked for all documents that the Defendants have regarding the Plaintiff. The Plaintiff has been arrested on numerous previous occasions, and, therefore, there should be (at a minimum) case reports and arrest reports pertaining to those arrests. Those documents have not been produced.

9. Fourth, the Plaintiff asked for all OEMC records regarding this matter. He was only provided with one event query. From past experience, the undersigned knows that in addition to the event query a unit query should also exist (aside from the OEMC records relating to the Plaintiff's transport to the hospital).

10. Fifth, the Plaintiff requested copies of certain general orders, policies, etc., that are relevant to this case. To date, numerous general orders that were in effect on the date of the

incident have not been produced. Specifically, the Defendants have failed to produce the following orders that were in effect on the date of the arrest: G08-01, G08-01-02 and G06-01-01.

11. Sixth, the Plaintiff asked for copies of any of the Defendants' social media posts that reference this arrest, or to the Defendants' police duties. The Defendants have refused to provide these materials. Any such postings are discoverable. For instance, they might contain impeachment, information that impugns their credibility and/or FRE 404 evidence.

12. Seventh, the Defendants have refused to produce copies of their CR's. The Defendants have had CR's lodged against them. However, at their depositions, neither Defendant remembered anything about the CR's. Obviously, the CR's are discoverable – and may provide useful FRE 404 evidence at trial.

13. Over the last several months the Plaintiff has repeatedly requested that the above written discovery be answered in full. Those requests were made to defense counsel in writing (letter and emails), over the phone and in person.

14. The Plaintiff has been prejudiced due to the inability to secure the discovery outlined above.

15. As such, as required under Local District Court Rule 37, the undersigned has in good faith attempted to confer with the counsel for the Defendants to resolve this discovery dispute in person, on the phone, and in writing, to no avail.

WHEREFORE, the Plaintiff, ROBERT HORNE, respectfully requests this Honorable Court for an order compelling the Defendants to provide full responses to written discovery, as outlined herein, no later than January 24, 2014.

    Respectfully Submitted by,
    s/Basileios J. Foutris
    BASILEIOS J. FOUTRIS
    Attorney for Plaintiff ROBERT HORNE

## **CERTIFICATE OF SERVICE**

The undersigned, attorney of record herein, hereby certifies that on January 20, 2014 this **MOTION TO COMPEL** was electronically filed with the Clerk of the U.S. District Court using the CM/ECF System, with judge's courtesy copies to be delivered; which will send notification of such filing to: Jordan Marsh at jmarsh@cityofchicago.org; Victoria Rose Benson at victoria.benson@cityofchicago.org; and Daniel Nixa at Daniel.Nixa@cityofchicago.org.

>  s/ Basileios J. Foutris
>  BASILEIOS J. FOUTRIS
>  Attorney for Plaintiff
>  FOUTRIS LAW OFFICE, LTD.
>  53 West Jackson, Suite 252
>  Chicago, Illinois 60604
>  312-212-1200
>  bfoutris@foutrislaw.com