IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT HORNE, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | NO. 13 C 3307 |
| ) | |
| CITY OF CHICAGO, OFFICER CELANI and ) | |
| OFFICER RODENBERG, ) | |
| ) | |
| Defendants. ) | |

### PLAINTIFF'S INTERROGATORIES TO CHICAGO

Pursuant to Federal Rule of Civil Procedure 33, the following interrogatories are being propounded by the Plaintiff upon Defendant City of Chicago, to be answered under oath and in writing, within thirty (30) days hereof. The following information is based upon the joint knowledge of the Defendant and its attorneys, employees and/or agents.

### DEFINITIONS/INSTRUCTIONS

***These interrogatories are continuing in nature and the Defendant is requested to seasonably supplement its answers pursuant to the Federal Rules of Civil Procedure.***

All words, terms, and/or phrases in these interrogatories are used in accordance with the common definitions found in standard dictionaries.

If a request is made to identify a document, please supply author, date, recipient, or other general description of the document sufficient to describe the document for production purposes.

If you object to any part of an interrogatory and refuse to answer that part, state your objection, identify the part to which you object, and answer the remaining portion of the interrogatory.

If you claim a privilege with respect to any information sought in these interrogatories, please identify the source and the nature of the privilege. If you claim a privilege with respect to any information sought in these interrogatories, please identify the source and the nature of the privilege.



1

## INTERROGATORIES TO BE ANSWERED

1. Identify and provide the addresses and telephone numbers of all persons who have knowledge of the matters alleged in the Complaint. With respect to each individual identified, please describe, *with particularity and without reference to general statements that may be contained in police reports*, what particular knowledge each identified individual has. If a business address and/or telephone number is provided, please identify it as a business address and/or telephone number.

**RESPONSE**:

2. Identify all individuals that, to your knowledge, had any interaction whatsoever with Plaintiff on July 10, 2012. With respect to each such individual identified, please describe, *with particularity and without reference to general statements that may be contained in police reports*, the nature of the interaction.

**RESPONSE**:

3. Identify all individuals you expect to testify at trial, including any and all individuals that will testify in whole or in part for impeachment purposes, identifying the subjects on which each individual will testify, *with particularity and without reference to general statements that may be contained in police reports*, and identifying each individual's address and telephone number. This request includes a request for the identity of any rebuttal witnesses. If a business address and/or telephone number is provided, please identify it as a business address and/or telephone number.

**RESPONSE**:

4. With respect to the incident which is the basis of this lawsuit, did any employee and/or agent of Chicago use any force against Plaintiff on July 10, 2012? For each such use of force, state:

    (a)    When and where the use of force took place;
    (b)    Describe, in detail, the nature and/or type of force used;
    (c)    Identify each individual that used force against the Plaintiff;
    (d)    State, with specificity, the reason(s) for the use of force.

**RESPONSE**:

5. Did any employee and/or agent of Chicago offer to provide Plaintiff any medical assistance, or arrange to provide him with any medical assistance, at any time following his July 10, 2012 arrest? If the answer is in the affirmative, identify which individual(s) offered to provide medical assistance, or arranged to provide medical assistance, and, for all individuals identified, describe what actions each such individual undertook.

2

**RESPONSE**:

6. Were there any cameras, or any other recording device, that recorded, or that might have recorded, the Plaintiff's interaction with any Chicago employee and/or agent on July 10, 2012? If the answer is in the affirmative, identify the location of any such camera, or other recording device, (whether at the police station, in a squad car, or elsewhere), whether the recording(s) have been preserved, and also explain what actions have been undertaken, and by whom, in order to preserve the recording(s).

**RESPONSE**:

7. Has any document or recording (audio or video) requested in the Plaintiff's request to produce been lost, not kept, discarded or destroyed? If the answer is in the affirmative, identify each such document or recording as completely as possible, and state: the approximate date it was lost, not kept, discarded or destroyed; the circumstances and manner in which it was lost, discarded or destroyed; the identities of the individuals responsible for preserving and/or keeping the requested item; the identities of the individuals responsible for losing, not keeping, discarding or destroying the requested item; the reasons for disposing of any such item; the identity of any persons with knowledge of the contents of the item; and the identity of the last person known to have seen or possessed the item.

**RESPONSE**:

8. State the name, address and phone number of every individual who participated in answering these Interrogatories and accompanying Requests for Production of Documents, indicating which particular Interrogatory and/or Request was answered by which individual.

**RESPONSE**:

Respectfully submitted by,

*/s/ Basileios J. Foutris*

Basileios J. Foutris
Attorney for Plaintiff
FOUTRIS LAW OFFICE, LTD.
53 West Jackson, Suite 252
Chicago, IL 60604
(312) 212-1200
bfoutris@foutrislaw.com

3

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys of record herein, certifies that a copy of the foregoing **PLAINTIFF'S INTERROGATORIES TO CHICAGO** was served upon the following, by depositing same in the U.S. Mail, first-class postage prepaid on the 15th day of August, 2013:

Victoria Rose Benson
City of Chicago Department of Law
30 N. LaSalle Street, Suite 900
Chicago, IL 60602

Basileios J. Foutris
Attorney for Plaintiff
FOUTRIS LAW OFFICE, LTD.
53 West Jackson, Suite 252
Chicago, IL 60604
(312) 212-1200
bfoutris@foutrislaw.com

4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT HORNE, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) NO. 13 C 3307 |
| | ) |
| CITY OF CHICAGO, OFFICER CELANI and | ) |
| OFFICER RODENBERG, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
OF DOCUMENTS PROPOUNDED UPON THE DEFENDANTS**

The following Request for Production of Documents is being propounded upon each of the Defendants pursuant to Federal Rule of Civil Procedure 34, and **_each_** Defendant is hereby requested to produce the documents described below within thirty (30) days hereof.

**DEFINITIONS/INSTRUCTIONS**

***These requests are continuing in nature and the Defendants are requested to seasonably supplement their answers pursuant to the Federal Rules of Civil Procedure.***

To the extent that these requests to produce are propounded upon a municipality, these requests seek documents that are created, possessed, maintained or controlled by any and all divisions, subsidiaries and/or departments of such municipality, including, but not limited to, Police Department, Office of Professional Standards, OPS, IPRA, Police Internal Affairs (or equivalent subsidiary/ division/ department), Police Board (or equivalent subsidiary/ division/ department), and Human Resources Department (or equivalent subsidiary/ division/ department).

*All words, terms, and/or phrases in these requests are used in accordance with the common definitions found in standard dictionaries.*

"OPS", "IPRA" and "Internal Affairs" refer to any internal or external department, agency, division or process that investigates allegations of misconduct by police officers.

"Document" refers to all written or graphic matter or description, however produced or reproduced, whether draft or final, original or reproduction, signed or unsigned, paper form or electronic form, and regardless of whether approved, signed, sent, received, re-drafted or executed, including, but not limited to: Written communications, letters, correspondence, memoranda, minutes, notes, reports, recordings of any type, transcripts, papers, agreements, orders, memoranda or transcripts of telephone or personal conversations, diaries, or materials similar to any of the

PLAINTIFF'S EXHIBIT 2

1

foregoing, however denominated, and by whomever prepared, whether in paper or electronic form, and to whomever addressed or sent, which are in your possession, custody, or control, or to which you have had or can obtain access.

"Relates to" means to consist of, refer to, reflect, or to have any legal, logical or factual connection with matters in issue.

Identify the production request to which each produced document corresponds and/or is responsive.

If it is otherwise not possible to produce a requested item/document, or if any part of a request is deemed objectionable, the reasons for your inability to respond and/or your objections should be stated with specificity as to all grounds.

If you had custody, possession or control of, or access to, any documents or items called for by these requests and if such documents or items have been lost, destroyed, purged or are presently not in your possession, control or custody, describe the document and/or item, the date of its loss, destruction or separation from your custody or control, the circumstances surrounding same, and who presently has custody, possession, control or access to said document or item.

If any documents or items requested herein are known by you to exist but are not in your custody, possession or control, identify said document and/or item and who presently has custody, possession or control or such document and/or item.

If you claim a privilege with respect to any document and/or item requested, identify the document and/or item being withheld, and identify with particularity the source and the nature of the privilege with respect to each document and/or item being withheld.

## **REQUESTED DOCUMENTS/THINGS**

1. All documents and other tangible non-documentary evidence relating to the incident described in the Complaint, including, but not limited to:

    a) police reports  
    b) case reports;  
    c) supplementary reports;  
    d) arrest reports;  
    e) TRR's;  
    f) battery reports;  
    g) narratives;  
    h) incident reports;  
    i) inventory reports;  
    j) tow sheets/reports;  
    k) GPR's/progress notes;  
    l) criminal Complaints;  
    m) use of force reports;  
    n) any documents from OEMC or dispatchers including event or unit queries;  
    o) any MDT/PDT unit activity reports;

    p)      any photographs of the Plaintiff or the scene of the incident;
    q)      any "rap sheet" concerning the Plaintiff;
    r)      all documents relating to any investigation of the incident (including investigations by IPRA, IAD or any other department or division);
    s)      any physical evidence obtained due to any such investigation; and
    t)      any other documents or materials referring or relating in any fashion to the Plaintiff or the incident that led to this lawsuit.

2.    Any other documents and other tangible non-documentary evidence relating to the arrest of Plaintiff, as described in the Complaint, including, but not limited to, all documents relating to any investigation of the arrest, and the actual evidence obtained due to any such investigation.

3.    All documents and other tangible non-documentary evidence relating to the reason(s) that Plaintiff was arrested.

4.    All documents and other tangible non-documentary evidence relating to any force used against Plaintiff.

5.    All documents and other tangible non-documentary evidence relating to Plaintiff's detention in a Police Department following his arrest. This request includes, but is not limited to, any documents that document/record his incarceration in the police department such as cell checks, jailer notes, etc., as well as documents which record the times/dates that he was incarcerated in the department.

6.    All documents and other tangible non-documentary evidence relating to medical care that was offered or provided to Plaintiff at any time by any of the Defendants.

7.    All documents and other tangible non-documentary evidence relating to medical care that was offered or provided to Plaintiff at any time by Chicago employees and/or agents that are not parties to this matter including, but not limited to, police officers, paramedics, and/or Fire Department personnel.

8.    All documents and other tangible non-documentary evidence relating to medical care provided by anyone to Plaintiff.

9.    Any and all daily activity sheets regarding the activities of the individual Defendants on July 10, 2012. This request includes, but is not limited to, "Attendance & Assignment" records, arrest lists, ticket books, log sheets, radio dispatch records, or contact cards.

3

10. Any and all CAD System reports, event queries, unit queries or other similar reports generated or created by dispatchers, regarding or referencing this incident.

11. Any other documents or any other tangible non-documentary evidence regarding or referencing the Plaintiff in the possession or control of any of the Defendants, including, but not limited to, all documents referencing other incidents involving the Plaintiff.

12. Copies of any subpoenas regarding this lawsuit propounded by the Defendants, their agents and/or their attorneys, including any Riders to any such subpoenas.

13. All documents comprising non-privileged communications (including, but not limited to memos, letters, to/from, faxes, emails, reports, etc.) regarding the allegations in the Complaint of any kind including, but not limited to: all communications between the Defendants and the Plaintiff, all communications between the Defendants, all communications with the State's Attorneys Office.

14. All transcripts, recordings (whether video or audio), and radio transmissions (or documents memorializing the same) relating to the events described in the Complaint, including, but not limited to, dispatch and 911 calls, POD camera recordings, squad car recordings, recording from cameras in a police department, and any other recordings.

15. Any and all recordings that recorded the Plaintiff interacting with any police officer on July 10, 2012.

16. Any and all statements obtained from any individual or summaries of any statements given by any individual relating to any matters referred to in the Complaint.

17. Any and all notes, memoranda, diaries, documents, reports, or other writings of any kind taken or created regarding the allegations contained in the Complaint.

18. Any and all documents that you contend support any of your answers to the allegations contained in the Complaint, or your affirmative defenses to the Complaint.

19. Any and all documents referred to or relied upon in drafting your answer to the Complaint, or your affirmative defenses to the Complaint.

20. Any and all documents identified and/or consulted in preparation to your answers to interrogatories.

4

21. Any and all reports of experts that have been retained, or that you will retain, or whom have been consulted regarding the Plaintiff, or the allegations contained in the Complaint.

22. Any and all photographs, audio recordings, video recordings, other recordings, or any other tangible non-documentary evidence, relating to any of the allegations contained in the Complaint. *With respect to any photographs, if the originals are kept in color, the Plaintiff requests that color copies be provided*.

23. Any and all documents or other tangible non-documentary evidence which you intend to introduce into evidence at the trial of this case, or which may be used to refresh the recollections of witnesses at depositions or at trial, or which you intend to use in support of a motion for summary judgment.

24. Any and all affidavits or statements of actual or potential witnesses to any of the Plaintiff's claims.

25. Any and all documents and tangible non-documentary evidence, including, but not limited to, photographs, video recordings or audio recordings, or other recordings, created or maintained by OPS, IPRA, or any department of internal affairs, regarding the allegations contained in the Complaint.

26. Any and all documents relating to any internal investigation undertaken by any Defendant in connection with the incident described in the Plaintiff's Complaint.

27. Any and all documents relating to Chicago Police Department general orders, special orders, Department manuals, procedural guides, rules, policies, and/or practices that were in effect on the date of the incident described in the Plaintiff's Complaint relating to:

   a) Use of force;
   b) Police officers' duty and/or obligation to report police misconduct by another police officer;
   c) Police officers' duty and/or obligation to intervene to prevent or stop police misconduct by other police officers;
   d) Preserving evidence; and
   e) Providing medical care to arrestees/detainees.

28. All documents obtained via third party subpoena in this litigation, including, but not limited to, employment records, medical records, prison/jail records, or any other records.

5

29. All documents which support a claim that any Chicago police officers, agents and/or employees acted inconsistently with any policies, practices, rules and/or regulations during any point during the encounter that forms the basis of the Plaintiff's Complaint.

30. Any and all documents or other tangible non-documentary evidence which support a contention that the Plaintiff committed any criminal acts on the date of the incident described in the Plaintiff's Complaint.

31. Any and all documents that identify or explain how Plaintiff sustained his injuries on July 10, 2012 .

32. Any and all documents or other tangible non-documentary evidence that identify, or help in identifying, the individuals that were present at the scene of Plaintiff's arrest.

33. Any documents or other tangible non-documentary evidence that identify, or help in identifying, any police officer that interacted with Plaintiff at any time on July 10, 2012 .

34. Any "Police Officer Battery Report", or other document referring or relating to any injury to a police officer, which was created with respect to the events described in the Complaint.

35. Any and all medical records regarding or relating to any injury to a police officer sustained in connection with the events described in the Complaint.

36. Any photographs depicting injuries to a police officer allegedly sustained during Plaintiff's July 10, 2012 arrest.

37. Any and all documents, papers, notes, and/or files maintained by the City of Chicago, or any of its departments or divisions (including, but not limited to, the Police Department, Human Resources, and/or the Board of Fire and Police) relating to the employment of the individual Defendants in this matter. This request includes, but is not limited to:

    a)     disciplinary records;

    b)     internal complaints;

    c)     citizen complaints;

    d)     complaint register files;

    e)     investigations into alleged misconduct by the individual Defendants;

    f)     personnel files.

38. Any and all documents which reflect that discipline was imposed against any of the individual Defendants for any reason by the Chicago Police Department.

39. Copies of any statements, photos, or postings of any kind made on any website or social networking site including, but not limited to, twitter, facebook, twitter, linkedin, myspace,

google plus, blogspot, livejournal, blogger, flickr, xanga, tumblr, wordpress, instagram, and the like, made by any of the individual Defendants since July 10, 2012. This request also serves as a request to preserve any such statements or photos as they are depicted online. Any destruction thereof may result in a request for an instruction regarding spoliation.

40. Copies of any statements, photos, or postings of any kind relating to the incident alleged in the Complaint made on any website or social networking site at any time, including, but not limited to: facebook, twitter, linkedin, myspace, google plus, blogspot, livejournal, blogger, flickr, xanga, tumblr, wordpress, instagram, and the like by any of the individual Defendants. This request also serves as a request to preserve any such statements or photos as they are depicted online. Any destruction thereof may result in a request for an instruction regarding spoliation.

Respectfully submitted by,

Basileios J. Foutris
Attorney for Plaintiff
FOUTRIS LAW OFFICE, LTD.
53 West Jackson, Suite 252
Chicago, IL 60604
(312) 212-1200
bfoutris@foutrislaw.com

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys of record herein, certifies that a copy of the foregoing **PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED UPON THE DEFENDANTS** was served upon the following, by depositing same in the U.S. Mail, first-class postage prepaid on the 15th day of August, 2013:

Victoria Rose Benson
City of Chicago Department of Law
30 N. LaSalle Street, Suite 900
Chicago, IL 60602

Basileios J. Foutris
Attorney for Plaintiff
FOUTRIS LAW OFFICE, LTD.
53 West Jackson, Suite 252
Chicago, IL 60604
(312) 212-1200
bfoutris@foutrislaw.com

7