

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ROBERT HORNE,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　Plaintiff,　　　　　)
v.　　　　　　　　　　　　　　　　　)　　NO.　13 C 3307
　　　　　　　　　　　　　　　　　　)
CITY OF CHICAGO, OFFICER CELANI　and　)
OFFICER RODENBERG,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　Defendants.　　　　　)

## FINAL PRETRIAL ORDER

This matter having come before the court at a pretrial conference held pursuant to Fed. R.Civ. P. ("Rule") 16, and Basileios J. Foutris, Foutris Law Office, Ltd., 53 W. Jackson, Suite 252, Chicago, IL 60604, 312-212-1200, having appeared as counsel for Plaintiff and Jordan Marsh, Chicago Law Department, 30 N. LaSalle, Suite 900, Chicago, IL 60602, 312-744-4038, Victoria Benson, Chicago Law Department, 30 N. LaSalle, Suite 900, Chicago, IL 60602, 312-742-1842 and Daniel Nixa, Chicago Law Department, 30 N. LaSalle, Suite 900, Chicago, IL 60602, 312-744-5890, having appeared as counsel for Defendants, the following actions were taken:

1.　　　　This is an action for monetary damages arising from the alleged unconstitutional use of excessive force by Chicago Police Officer Celani and Chicago Police Officer Rodenberg, for the alleged unconstitutional failure to intervene by Celani and Rodenberg, for the alleged unconstitutional conspiracy to violate the Plaintiff's civil rights by Celani and Rodenberg, for alleged Illinois common law willful and wanton conduct by Celani, Rodenberg and the City of Chicago, and for alleged Illinois common law battery by Celani, Rodenberg and City of Chicago. Also pending is an Illinois statutory indemnification claim against Defendant City of Chicago.

The alleged unlawful conduct occurred while the police officers were acting under color of law and in the course and scope of their employment as police officers of the City of Chicago when they arrested the Plaintiff on July 10, 2012. The jurisdiction of this Court is invoked under 28 U.S.C. §1331, 28 U.S.C. §1343, and 28 U.S.C. §1367. Jurisdiction is not disputed.

2.   The following stipulations and statements are submitted and are attached to and made a part of this Order:

a)   The following are statements of uncontested facts submitted by the parties:

1.   Defendant Celani was employed by the City of Chicago as a City of Chicago police officer on July 10, 2012, and he was acting within the course and scope of his employment, and under color of law, in all of his interactions with the Plaintiff, Robert Horne, on that date.

2.   Defendant Rodenberg was employed by the City of Chicago as a City of Chicago police officer on July 10, 2012, and he was acting within the course and scope of his employment, and under color of law, in all of his interactions with the Plaintiff, Robert Horne, on that date.

3.   Defendants Celani and Rodenberg arrested Plaintiff on July 10, 2012.

4.   Following the arrest, Defendants Celani and Rodenberg transported the Plaintiff to a Chicago police station for processing.

5.   On July 10, 2012, Plaintiff was transported from a Chicago police station to Holy Cross Hospital.

6.   At Holy Cross Hospital, the Plaintiff was diagnosed with a left pneumothorax and a rib fracture, and was then transported to Advocate Christ Medical Center.

7.   The Plaintiff received medical treatment at Holy Cross Hospital, Advocate Christ Medical Center, Cermak Health Services and John H. Stroger, Jr. Hospital.

8.   Among other physicians, the Plaintiff received medical treatment from Dr. Frederic Starr while he was at Stroger Hospital.

2

b)  The parties agree to the following description of the case to be read to the jury:

The Plaintiff, Robert Horne, has brought this lawsuit against the Defendants, the City of Chicago and Chicago police officers Celani and Rodenberg, arising from Plaintiff's arrest on July 10, 2012. Robert Horne is represented in this case by Basileios "Bill" Foutris. The City of Chicago and Chicago police officers Celani and Rodenberg are represented in this case by Jordan Marsh, Victoria Benson and Daniel Nixa.

Robert Horne alleges that police officer Rodenberg, while on duty as a police officer for the City of Chicago on July 10, 2012, violated his federal constitutional rights by using excessive force against him. Robert Horne similarly alleges that police officer Celani, while on duty as a police officer for the City of Chicago on July 10, 2012, violated his federal constitutional rights by failing to intervene to prevent the unconstitutional use of excessive force. Robert Horne further alleges that on July 10, 2012 police officers Celani and Rodenberg unlawfully acted in a willful and wanton manner towards him while acting within the course and scope of their employment as employees of the City of Chicago. Robert Horne also alleges that on that date he was unlawfully battered by police officer Rodenberg while he was acting within the course and scope of his employment as an employee of the City of Chicago. Robert Horne is requesting that he be awarded damages due to the alleged unlawful conduct.

Police officers Celani and Rodenberg deny that they violated Robert Horne's constitutional rights, and specifically deny that they used excessive force or failed to intervene to prevent the use of excessive force. The City of Chicago and Chicago police officers Celani and Rodenberg further deny that Robert Horne was subjected to unlawful willful and wanton conduct, or that he was unlawfully battered. Further, the City of Chicago and police officers Celani and Rodenberg deny that Robert Horne is entitled to damages.

c)  The parties have listed in Schedule (c) the exhibits they expect to introduce into evidence in this case;

d)  The parties expect to call the following individuals as witnesses during the trial of this case:

**Plaintiff's Witnesses**:

Will Call:

      1.     Plaintiff Robert Horne

      2.     Defendant Scott Celani

      3.     Defendant Jeffrey Rodenberg

      4.     Larry Turner

      5.     Dr. Frederic Starr

May Call:

      6.     Labommie Rose

      **Objection: Defendants object to Plaintiff calling Labommie Rose as a witness for reasons set forth more fully in their Motions *in Limine*.**

      7.     Robert Ross

      **Objection: Defendants object to Plaintiff calling Robert Ross as a witness for reasons set forth more fully in their Motions *in Limine*.**

      8.     Celita Hart

      **Objection: Defendants object to Plaintiff calling Labommie Rose as a witness for reasons set forth more fully in their Motions *in Limine*.**

      9.     Dr. Brian Kessen

**Defendants' Witnesses**:

Will Call:

      1.     Defendant Scott Celani

      2.     Defendant Jeffrey Rodenberg

May Call:

      3.     B. Patrick/J. Palmsone, Chicago Police Department, civilian lockup personnel

4.    City of Chicago, Office of Emergency Management and Communication personnel

      **Objection: this witness was never disclosed**

5.    Plaintiff Robert Horne

6.    Larry Turner

7.    Dr. Frederic Starr

      e)    The Plaintiff intends to introduce Dr. Frederic Starr, his treating physician, as a fact and opinion witness pursuant to FRCP 26(a)(2)(C). To the extent that a statement shall be read to the Jury at the time of Dr. Starr's testimony, the parties propose reading the Seventh Circuit's Pattern Jury Instruction 1.21.

      f)    No depositions are anticipated to be read at trial, except for impeachment purposes;

      g)    The following is the relief sought by the Plaintiff:

            Compensatory Damages:    an amount in excess of $25,000.00

            Punitive Damages:    an amount in excess of $25,000.00

            Costs and fees pursuant to 42 U.S.C. §1988.

      h)    The parties are submitting jury instructions, verdict forms and proposed *voir dire* contemporaneously with this Pretrial Order. Further, the parties are not submitting trial briefs unless ordered otherwise by the Court as this matter consists of relatively straightforward claims of excessive force, failure to intervene and battery;

      i)    The parties state that discovery has been completed;

      j)    The parties are filing their respective motions *in limine* contemporaneously with this Pretrial Order;

      k)    Statements of contested and uncontested issues:

            Uncontested issues

            1.    There is no dispute regarding personal involvement of Celani in the July 10, 2012 arrest of Plaintiff.

2.      There is no dispute regarding personal involvement of Rodenberg in the July 10, 2012 arrest of Plaintiff.

3.      There is no dispute that Celani was acting under color of law.

4.      There is no dispute that Rodenberg was acting under color of law.

5.      There is no dispute that Celani was acting under the scope and course of his employment.

6.      There is no dispute that Rodenberg was acting under the scope and course of his employment.

7.      There is no dispute that Rodenberg and Celani are agents of the City of Chicago.

8.      There is no dispute that Plaintiff was arrested by both Celani and Rodenberg on July 10, 2012.

9.      There is no dispute that the Plaintiff initially fled on a bicycle.

10.     There is no dispute that the Plaintiff was on the ground at one point during the incident.

11.     There is no dispute that the Plaintiff was transported to Holy Cross Hospital from a Chicago police station to Holy Cross Hospital.

12.     There is no dispute that, subsequent to his arrest, the Plaintiff received medical treatment at Holy Cross Hospital, Advocate Christ Medical Center, Cermak Health Services and Stroger Hospital.

13.     There is no dispute that the Plaintiff was diagnosed with having a left pneumothorax and at least one rib fracture at Holy Cross Hospital.

Contested issues

1.      There is a dispute regarding whether Celani acted unlawfully during the Plaintiff's arrest.

2.      There is a dispute regarding whether Rodenberg acted unlawfully during the Plaintiff's arrest.

3.      There is a dispute regarding whether the Plaintiff crashed his bicycle and fell onto the ground in the process of crashing the

bicycle, or whether he gave up the chase and was thrown to the ground.

4.   There is a dispute regarding whether the Plaintiff was kicked while he was on the ground.

5.   There is a dispute regarding whether the Plaintiff sustained his injuries in the manner that he claims.

6.   There is a dispute regarding whether Larry Turner witnessed Celani and/or Rodenberg act unlawfully during the Plaintiff's arrest.

7.   There is a dispute regarding the extent of the Plaintiff's injuries.

l)   No affirmative defenses have been abandoned by the Defendants. The Plaintiff is abandoning the following claims: §1983 excessive force against Defendant Celani, §1983 failure to intervene against Defendant Rodenberg, §1983 conspiracy against both Celani and Rodenberg, Illinois common law battery against Celani. Defendants argue that the claims against Defendant City of Chicago, *respondeat superior* and indemnification, should be dismissed as there is no dispute Defendants Rodenberg and Celani are agents of the City of Chicago. There is also no dispute that in the event Defendants Rodenberg and Celani are found liable on Plaintiff's claims, the law requires the City of Chicago to indemnify Defendants Rodenberg and Celani. Those claims, therefore, should be dismissed.

m)   As this matter is set for a jury trial, no proposed Findings of Fact and Conclusions of Law are submitted by the parties.

3.   Trial of this case is expected to take 2-3 days.

4.   [X] Jury Trial          [ ] Non-jury Trial

5.   The parties recommend that 8-12 jurors be selected at the commencement of the trial.

6.   The parties agree that the issues of liability and damages should not be bifurcated for trial.

7.   The parties do not unanimously consent to this case being reassigned to a magistrate judge for trial.

8.    This Order will control the course of the trial and may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice.

9.    There is no possibility of settlement in this case.

Dated: **6/13/2014**

Ronald A. Guzman

United States District Judge Guzman

s/Basileios J. Foutris
Basileios J. Foutris
Attorney for Plaintiff
FOUTRIS LAW OFFICE, LTD.
53 W. Jackson, Suite 252
Chicago, IL 60604
312-212-1200
bfoutris@foutrislaw.com

s/Victoria R. Benson
Victoria R. Benson
Attorney for Defendants
CHICAGO LAW DEPARTMENT
30 N. LaSalle, Suite 900
Chicago, IL 60602
312-742-1842
victoria.benson@cityofchicago.org

**Schedule (c)**
**Exhibits**

1)    The following exhibits are offered by the Plaintiff, received in evidence and marked as indicated:

Exhibit 1*:        Arrest Report (FCRL 1-5)

Exhibit 2*:        Original Case Incident Report (FCRL 6-7)

Exhibit 3*:        Defendant Celani's Answers to Interrogatories

**Objection: Defendants object to the admission of this exhibit in its entirety and to the use of this exhibit beyond purposes of impeachment and/or to refresh a witness's recollection.**

Exhibit 4*:        Defendant Rodenberg's Answers to Interrogatories

**Objection: Defendants object to the admission of this exhibit in its entirety and to the use of this exhibit beyond purposes of impeachment and/or to refresh a witness's recollection.**

Exhibit 5:        CPD General Order 03-02-01

**Objection: Defendants object to the use of this exhibit for the reasons discussed in their Motions *in Limine*.**

Exhibit 6:        CPD General Order 03-02-02

**Objection: Defendants object to the use of this exhibit for the reasons discussed in their Motions *in Limine*.**

Exhibit 7 (Group)**:  Holy Cross Hospital Medical Records

Exhibit 8 (Group)**:  Advocate Christ Medical Center Records

Exhibit 9 (Group)**:  Cermak Health Services Medical Records

Exhibit 10 (Group)**: Stroger Hospital Medical Records

Exhibit 11**:        Holy Cross Hospital Medical Bills

Exhibit 12**:        Advocate Christ Medical Center Bills

Exhibit 13**:        Stroger Hospital Medical Bills

Exhibit 14:        Dr. Frederic Starr's Written Report

In addition, the Plaintiff intends to use transcripts of all witness statements and answers to interrogatories for impeachment purposes, as well as for substantive evidence where applicable. Further, the Plaintiff reserves the right to enter into evidence any of Defendants' non-objected to exhibits.

*These exhibits will be partially redacted to protect confidential information and because certain information within these documents are subject to motions in limine.*

**These exhibits are being labeled for identification only and they will not be offered into evidence by the Plaintiff. They will only be used for purposes of impeachment and for refreshing witnesses' recollections.*

2)      The following exhibits are offered by the Defendants, received in evidence and marked as indicated:

Exhibit 1:        Booking Photograph of Plaintiff Robert Horne, July 10, 2012

Exhibit 2:        Certified Statement of Conviction/Disposition, Plaintiff Robert Horne, 12 CR 1439501

                      **Objection: the Plaintiff has filed a motion *in limine* addressing this exhibit**

Exhibit 3:        Certified Statement of Conviction/Disposition, Plaintiff Robert Horne, 09 CR 1203102

                      **Objection: the Plaintiff has filed a motion *in limine* addressing this exhibit**

Exhibit 4:        Property Inventory Report No. 12658076, RD No. 375878

                      **Objection: relevance, 403, hearsay**

Exhibit 5:        Illinois State Police, Laboratory Report, RD No. 375878

                      **Objection: relevance, 403, hearsay, foundation**

Exhibit 6*:       City of Chicago, Office of Emergency Management and Communication, Event Query, Event No. 1219208715

                      **Objection: relevance, 403, hearsay, foundation**

Exhibit 7**:     Plaintiff Robert Horne's Answers to Interrogatories

Exhibit 8***:  Map/Diagram of path of chase and location of arrest

In addition, Defendants intend to use transcripts of all depositions and answers to interrogatories for impeachment purposes, as well as for substantive evidence where applicable. Further, Defendants reserve the right to enter into evidence any of Plaintiff's non-objected to exhibits.

*These exhibits will be partially redacted to protect confidential information and because certain information within these documents are subject to motions in limine.*

**These exhibits are being labeled for identification only and they will not be offered into evidence by Defendants. They will only be used for purposes of impeachment and for refreshing witnesses' recollections.*

***These exhibits are being offered for demonstrative purposes only and will not be offered into evidence by Defendants.*

3)  Non-objected-to exhibits are received in evidence by operation of this Order. However, exhibits that are not explicitly referred to in testimony or otherwise published to the jury prior to the close of all evidence or in argument are not in evidence.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

ROBERT HORNE,                          )
                                       )
               Plaintiff,              )
                                       )
v.                                     )          NO.   13 C 3307
                                       )
CITY OF CHICAGO, OFFICER CELANI   and  )
OFFICER RODENBERG,                     )
                                       )
               Defendants.             )

## PLAINTIFF'S PROPOSED FORM OF VERDICT

**We, the jury, unanimously find as to each of the claims of the Plaintiff, Robert
Horne, in this case as follows:**

(For each, check one and only one of the two choices, for Plaintiff *OR* for Defendant)

Excessive Force Claim Against Defendant Rodenberg:

      <u>FOR PLAINTIFF:</u>      _____

      <u>FOR DEFENDANT:</u>     _____

Failure to Intervene Claim Against Defendant Celani:

      <u>FOR PLAINTIFF:</u>      _____

      <u>FOR DEFENDANT:</u>     _____

Battery Claim Against Defendants Rodenberg and City of Chicago:

      <u>FOR PLAINTIFF:</u>      _____

      <u>FOR DEFENDANT:</u>     _____

1

Willful and Wanton Claim Against Defendants Rodenberg and City of Chicago:

     FOR PLAINTIFF:      _____

     FOR DEFENDANT:      _____


Willful and Wanton Claim Against Defendants Celani and City of Chicago:

     FOR PLAINTIFF:      _____

     FOR DEFENDANT:      _____


**We award the following damages to Plaintiff, Robert Horne, on the above claims:**

(To be filled in only if you find for one or more of the Plaintiff's above claims against Defendants):

**Compensatory Damages:**

     $_____

**Punitive Damages:**   (not to be filled in unless you first find for the Plaintiff, Robert Horne, on one or more or his excessive force, or failure to intervene claims):

Defendant Rodenberg:$_____

Defendant Celani:   $_____

### TOTAL AWARD OF DAMAGES

We award the following damages to Plaintiff, Robert Horne:

Total Damages:   $_____
                    (Add total damages of all claims)

_____          _____
Foreperson

_____          _____


_____          _____


_____          _____


_____          _____


_____          _____


Date: _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT HORNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | NO.    13 C 3307 |
| | ) | |
| CITY OF CHICAGO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**PARTIES' PROPOSED *VOIR DIRE***

**Plaintiff's Proposed Questions**:

     1.     Your name.

     2.     Where do you live?

     3.     What is your educational background?

     4.     Tell us about where you work, and where you have worked for the last ten years. In doing so, tell us your employer's name and location, the general nature of your employer's business, the title of your position and a brief description of your duties and responsibilities at each of your jobs.

     5.     Family information:

          a.     Are you married or do you have a significant other? If so, please tell us his or her name, and his or her employment information for the last ten years.

          b.     Do you have any children? If so, please tell us their names, ages, where they live, their employment information, whether they have a significant other or are married, and the employment information of their spouse or significant other.

          c.     Do any adults live in your household? If so, please tell us their names, and their employment information.

     6.     Have you or your spouse/significant other or any of your children been in the military, including National Guard? Briefly outline your (and your spouse's/significant other's or children's) military career.

     7.     Do you or your spouse/significant other or any of your children belong to any clubs,

church groups, unions, societies or fraternal organizations? What are the names of the groups? Have you or your spouse/significant other or any of your children held any office in those groups?

8. What newspapers, magazines, or online subscriptions do you or your spouse/significant other subscribe to or customarily purchase?

9. Where do you get information concerning the day's events: television, newspapers, magazines, the internet, or something else?

10. When you are browsing the internet, which websites do you regularly visit?

11. Do you maintain a presence on any of the social or professional networks, such as Facebook, Twitter or Linkedin?

12. Which television programs, if any, do you watch regularly? Do those programs include shows that feature attorneys or law enforcement such Law & Order, CSI, Cops, etc.?

13. Do you have any philosophical, religious, moral, or other beliefs that would prevent you from placing judgment on another person?

**Objection: Defendants object on the grounds that question is unduly vague.**

14. Have you or a member of your immediate family ever made a claim against anyone, or has anyone ever made a claim against you? Please briefly explain.

**Objection: Defendants object on the grounds that the question is unduly vague, particularly use of the term "claim."**

15. Have you ever been a party to a lawsuit, or testified under oath? Please describe.

16. Have you or any of your friends or relatives ever worked for or been associated with a company that deals with lawsuits on a regular basis? If so, who, and in what capacity?

**Objection: Defendants object on the grounds that the question is unduly vague, particularly use of the phrase "deals with."**

17. Do you, or do any of your relatives or friends, receive any pension, retirement annuity, or other benefit from a municipality? If so, do these benefits make it difficult, disagreeable, impossible or offensive to find in favor of the Plaintiff?

18. Do you, or do any of your relatives or friends, have any investments in municipal bonds? If so, do these investments make it difficult, disagreeable, impossible or offensive to find in favor of the Plaintiff?

**Objection: Defendants object on the grounds that the question is inappropriate and unduly vague.**

19. The judge will instruct you on the law as it applies to this case. Will you be able to follow these instructions on the law even if you personally disagree with the law?

2

20.     In a criminal case, the prosecution has to prove its case beyond a reasonable doubt. It's different in a civil case like this one. In a civil case, a plaintiff only needs to prove his or her case by a preponderance of the evidence. It is a different standard. Does everyone understand that there is a difference between the two?

21.     Do you have any family members or close friends who work for any governmental body or governmental agency? Please explain.

22.     Do you have any family members or close friends who work in the law enforcement area? Please explain.

23.     Do you have any neighbors that work for a governmental body or agency, or in the law enforcement area? Please explain.

24.     Has anyone here ever received any education or training regarding police or law enforcement procedures? Please explain.

25.     Has anyone here ever received any education or training in the law? Please explain.

26.     Have you or anyone in your immediate family or close friend had any significant encounters or contacts with police or law enforcement personnel? If so, what were the circumstances? Would this cause you to possibly favor one side over the other in this case?

27.     Have you ever witnessed an encounter between a police officer and a private citizen where you believed that the officer used excessive force? Will that impact your ability to be fair to both sides in this case?

**Objection:  Defendants object on the grounds that the question inappropriately uses the phrase "excessive force" without providing a definition.**

28.     Have you or any of your friends or relatives ever been the victim of a crime? Has that experience made it difficult, disagreeable, impossible or offensive to find in favor of either the Plaintiff or the Defendants?

29.     Do you have any strong opinions, either positive or negative, about the City of Chicago Police Department or about law enforcement officers in the Chicago Metropolitan Area?

30.     Do you believe that police officers are more honest and reliable witnesses than other witnesses simply because they are police officers?

31.     Can you evaluate the testimony of police officers by applying the same standards and considerations as you would apply in evaluating the testimony of any other witness?

32.     Would you tend to give more weight, about the same weight, or less weight to the testimony of a police officer as compared to other witnesses?

33.     If you are selected to serve as a juror in this case, would you be concerned about the

reactions to the verdict by any friends or family members. If so, why?

34. Do you agree that police officers should be held accountable if they violate someone's rights? If you disagree, please explain.

35. Do you believe that only bad police officers violate the rights of criminal suspects? If so, please explain.

**Objection: Defendants object on the grounds that the question is unduly vague and overly prejudicial.**

36. Would you have any reservations in awarding substantial damages against one or more of the Defendants simply because he is a police officer? If so, please explain.

37. Money is the only compensation you can give to the Plaintiff if you decide that the Defendants are liable. Is there anyone here that has trouble with that concept of justice? Does anyone find compensating the Plaintiff with money difficult, disagreeable, impossible or offensive?

**Objection: Defendants object on the grounds that the question is inappropriate.**

38. As a juror, would you have any negative feelings about turning a substantial dollar verdict if the evidence warrants such a verdict? If so, please explain.

39. Have you or anyone in your family or close friends ever belonged to or donated time, money or services to any organization concerned with reporting crime and assisting law enforcement, such as a neighborhood crime watch, Crime Stoppers or victim assistance program? Please explain.

40. Have you or anyone in your family or close friends ever belonged to or contributed to any organization supporting tort reform or lawsuit reform? Please explain.

41. Have you or anyone in your family or close friends ever belonged to or contributed to the U.S. Chamber of Commerce, or subscribed to its publications, or received emails from it?

42. You will hear evidence that the Plaintiff led police officers on a pursuit before his arrest. Will the evidence that Plaintiff led the police officers on a pursuit, in itself, without your giving consideration to any of the applicable law or evidence in this case, make it more likely in your mind to find for the Defendants?

43. You may hear evidence that the Plaintiff plead guilty to a crime in connection with the arrest that forms the basis of this lawsuit. Will the evidence that the Plaintiff plead guilty to a crime in connection with the arrest that forms the basis of this lawsuit, in itself, without your giving consideration to any of the applicable law or evidence in this case, make it more likely in your mind

to find for the Defendants?[1]

44.     You may hear evidence that the Plaintiff had been previously convicted of crimes. Would you have any reservations in finding one of the Defendants liable, provided that the evidence and law supports such a finding, simply because the Plaintiff had been previously convicted of a crime?[2]

45.     Does anyone believe that the Plaintiff has fewer rights, or is entitled to fewer legal protections, because he has been convicted of a crime?  Please explain.[3]

46.     Do you have any personal knowledge of the claimed incidents involved in this case – either personal knowledge, knowledge from newspaper accounts, or knowledge from anything you have heard?

47.     Regarding the size of jury verdicts, do you feel that jury verdicts are too high, too low, or just about right?

48.     What are your feelings regarding whether or not there are too many lawsuits filed?

49.     Do you believe that the justice system encourages and/or promotes "runaway juries"?  Please explain.

50.     Is there anything about the nature of this case which may make it difficult for you to sit on the jury? Please explain.

51.     This trial could last up to three days. Would that make it difficult for you to be fair to both parties as they present their cases?

52.     Is there anything about your medications, physical conditions, or general health that would make it difficult for you to stay seated for long period of time, stay awake, or otherwise serve attentively?

53.     You have heard the types of questions which have been asked of both yourself and the other jurors.  Do you know of anything in your background, which we have not talked about, which may cause you some difficulty in acting as a juror in this particular case?

---

[1] The Plaintiff has moved *in limine* to bar reference to all convictions.  The Plaintiff includes this question in the event that the Court allows testimony regarding the Plaintiff's convictions.
[2] The Plaintiff has moved *in limine* to bar reference to all convictions.  The Plaintiff includes this question in the event that the Court allows testimony regarding the Plaintiff's convictions.
[3] The Plaintiff has moved *in limine* to bar reference to all convictions.  The Plaintiff includes this question in the event that the Court allows testimony regarding the Plaintiff's convictions.

**Defendants' Additional Proposed Questions:**

1.  Have you ever worked for any police department, sheriff's department or correctional center?

2.  Do you have any close friends or family members who have worked for the City of Chicago or the Chicago Police Department?

3.  Are you interested in news coverage about the Chicago Police Department or other law enforcement agencies?

4.  Do you have an opinion or impression of police in general, or Chicago Police in particular?

5.  Have you ever lived in the City of Chicago?

6.  Have you ever attended a community policing, or CAPS meeting?

7.  Have you or do you know if a member of your family or a friend has ever had to call the police for help? In these circumstances, do you believe the police responded in a professional and appropriate manner?

8.  Have you or has a family member or friend ever had any negative experiences with police? If yes, were any of these unpleasant experiences involving the Chicago Police Department? Did you discuss the unpleasant experience with them?

9.  Do you have any opinions about how the media portrays the Chicago Police Department?

10. Do you participate in any volunteer work? If so, please explain.

11. Do you think that people who believe they have been treated illegally or unfairly have a right to bring lawsuits against the government? Please explain.

12. Do you have any opinions about civil lawsuits or monetary damages, either pro or con?

13. If Plaintiff is able to prove the case under the instructions that the Judge provides, would you have any issues about awarding damages for emotional suffering?

14. Is there anything that you believe could affect your ability to be fair and impartial to all parties in this case that I have not asked you about?

15. Would you want someone like yourself on a jury if you were being a plaintiff or defendant in a lawsuit? How about in a case that involved the police?

16.     Has anyone close to you ever had a problem with drugs or alcohol? Please explain.

**Objection: This question improperly interjects issues that are not in this case, and attempts to influence the jury by suggesting that there are people involved that have drug problems (an issue that is also the subject of motions *in limine*). It is also unduly prejudicial to the Plaintiff.**

17.     Have you ever volunteered or worked in any capacity related to drug or alcohol abuse? Please explain.

**Objection: This question improperly interjects issues that are not in this case, and attempts to influence the jury by suggesting that there are people involved that have drug problems (an issue that is also the subject of motions *in limine*). It is also unduly prejudicial to the Plaintiff.**

18.     Is there anything due to your experiences or loved ones' experiences that would make you believe you would have a hard time being fair to an individual who has battled addiction?

**Objection: This question improperly interjects issues that are not in this case, and attempts to influence the jury by suggesting that there are people involved that have drug problems (an issue that is also the subject of motions *in limine*). It is also unduly prejudicial to the Plaintiff.**

19.     Do you have a negative opinion about the City of Chicago or any municipality?

20.     Are you aware of any negative opinions by a close friend or family member about the City of Chicago or any municipality?

21.     Have you, a family member or a close friend ever been arrested?

**Objection: This question can potentially embarrass a juror.**

22.     Do you know of anyone who is a police officer? Who?

23.     Can you follow the law that the court will give you even if you personally disagree with it?

24.     Is there anyone that has a problem with the concept that the plaintiff is the only one with the burden of proof in this case?

25.     Is there anyone that will be unable to hold the plaintiff to prove his burden of proof?

26.     Have you ever served on a jury before?  If yes, was it civil or criminal?  Were you a foreperson?

27.     Do you believe that just because someone filed a lawsuit that they are entitled to money?


Respectfully submitted by,

s/Basileios J. Foutris
Basileios J. Foutris
Attorney for Plaintiff
FOUTRIS LAW OFFICE, LTD.
53 W. Jackson, Suite 252
Chicago, IL 60604
312-212-1200
bfoutris@foutrislaw.com

s/Victoria R. Benson
Victoria R. Benson
Attorney for Defendants
CHICAGO LAW DEPARTMENT
30 N. LaSalle, Suite 900
Chicago, IL 60602
312-742-1842
victoria.benson@cityofchicago.org

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT HORNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | NO.   13 C 3307 |
| | ) | |
| CITY OF CHICAGO, OFFICER CELANI   and | ) | |
| OFFICER RODENBERG, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>JOINT PROPOSED JURY INSTRUCTIONS</u>**

**A.** **PLAINTIFF'S PROPOSED JURY INSTRUCTIONS WITH**
**DEFENDANTS' OBJECTIONS**

**(Parties agree where no objection indicated)**

## FUNCTIONS OF THE COURT AND THE JURY

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

Source: Seventh Circuit Pattern 1.01

Plaintiff's Instruction Number 1

Given:_____

Refused:_____

Withdrawn:_____

Objection:_____

## NO INFERENCE FROM JUDGE'S QUESTIONS

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

Source: Seventh Circuit Pattern 1.02

Plaintiff's Instruction Number 2

Given:_____

Refused:_____

Withdrawn:_____

Objection:_____

4

## ALL LITIGANTS EQUAL BEFORE THE LAW

In this case one of the defendants is a municipal corporation.  All parties are equal before the law. A municipal corporation is entitled to the same fair consideration that you would give any individual person.

Source: Seventh Circuit Pattern 1.03 (modified)

Plaintiff's Instruction Number 3

Given:_____

Refused:_____

Withdrawn:_____

**Objection:  X – Defendants object to this instruction on the grounds that the instruction is unnecessary.  The only claims against the City of Chicago are *respondeat superior* and indemnification.  There is no dispute that Defendants Rodenberg and Celani are agents of the City of Chicago.  There is also no dispute that in the event Defendants Rodenberg and Celani are found liable on Plaintiff's claims, the law requires the City of Chicago to indemnify Defendants Rodenberg and Celani.**

## EVIDENCE

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true, or that a person would have given certain testimony.

Source: Seventh Circuit Pattern 1.04

Plaintiff's Instruction Number 4

Given:_____

Refused:_____

Withdrawn:_____

Objection:_____

## WHAT IS NOT EVIDENCE

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Source: Seventh Circuit Pattern 1.06

Plaintiff's Instruction Number 5

Given:_____

Refused:_____

Withdrawn:_____

Objection:_____

# NOTE-TAKING

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

Source: Seventh Circuit Pattern 1.07

Plaintiff's Instruction Number 6

Given:_____

Refused:_____

Withdrawn:_____

Objection:_____

## CONSIDERATION OF ALL EVIDENCE
## REGARDLESS OF WHO PRODUCED

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

Source: Seventh Circuit Pattern 1.08

Plaintiff's Instruction Number 7

Given:_____

Refused:_____

Withdrawn:_____

Objection:_____

## LIMITED PURPOSE OF EVIDENCE

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

Source: Seventh Circuit Pattern 1.09

Plaintiff's Instruction Number 8

Given:_____

Refused:_____

Withdrawn:_____

Objection:_____

10

# WEIGHING THE EVIDENCE

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

Source: Seventh Circuit Pattern 1.11

Plaintiff's Instruction Number 9

Given:_____

Refused:_____

Withdrawn:_____

Objection:_____

11

## DEFINITION OF "DIRECT"
## AND "CIRCUMSTANTIAL" EVIDENCE

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

Source: Seventh Circuit Pattern 1.12

Plaintiff's Instruction Number 10

Given:_____

Refused:_____

Withdrawn:_____

Objection:_____

12

## TESTIMONY OF WITNESSES
## (DECIDING WHAT TO BELIEVE)

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

The testimony of police officers should be considered by you just as any other evidence in this case, and in evaluating a police officer's credibility you should use the same guidelines which you apply to the testimony of any witness. You should not give either greater or lesser credence to the testimony of a witness merely because he is a police officer.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness' memory;

- any interest, bias, or prejudice the witness may have;

- the witness' intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness' testimony in light of all the evidence in the case.

Source: Seventh Circuit Pattern 1.13 (Modified); See also U.S. v. Martin, 507 F.2d 428, 432-433 (7th Cir. 1974); Kerr v. City of Chicago, 424 F.2d 1134, 1138-39 (7th Cir. 1970); Butler v. City of Camden, 352 F.3d 811 (3rd Cir. 2003).

Plaintiff's Instruction Number 11

Given:_____

Refused:_____

Withdrawn:_____

**Objection: X – Defendants object to this instruction on the grounds that the modifications made by Plaintiff are unnecessary and unduly prejudicial. Defendants, instead, propose the use of Seventh Circuit Pattern Instruction 1.13 without modification, which is included herein as Defendants' Instruction No. 2.**

## PRIOR INCONSISTENT STATEMENTS OR ACTS

You may consider statements given by a party before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement that is inconsistent with his or her testimony here in court, you may consider the earlier statement only in deciding whether his or her testimony here in court was true and what weight to give to his or her testimony here in court.

In considering a prior inconsistent statement, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

Source: Seventh Circuit Pattern 1.14 (modified)

Plaintiff's Instruction Number 12

Given:_____

Refused:_____

Withdrawn:_____

**Objection: X – Defendants object on the grounds that the proposed instruction is an inappropriate and incomplete version of Seventh Circuit Pattern Instruction 1.14. Defendants, instead, propose the use of the Seventh Circuit Pattern Instruction without modification, which is attached hereto as Defendants' Instruction No. 3.**

14

## IMPEACHMENT OF WITNESS — CONVICTIONS**

You have heard evidence that Plaintiff has been convicted of a crime. You may consider this evidence only in deciding whether Plaintiff's testimony is truthful in whole, in part, or not at all. You may not consider this evidence for any other purpose.

Source: Seventh Circuit Pattern 1.15

Plaintiff's Instruction Number 13

Given:_____

Refused:_____

Withdrawn:_____

Objection:_____

**      Plaintiff is conditionally offering this instruction. The Plaintiff only offers this instruction if his convictions are deemed admissible.

## LAWYER INTERVIEWING WITNESS

It is proper for a lawyer to meet with any witness in preparation for trial.

Source: Seventh Circuit Pattern 1.16

Plaintiff's Instruction Number 14

Given:_____

Refused:_____

Withdrawn:_____

Objection: _____

## NUMBER OF WITNESSES

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

Source: Seventh Circuit Pattern 1.17

Plaintiff's Instruction Number 15

Given:_____

Refused:_____

Withdrawn:_____

Objection:_____

## ABSENCE OF EVIDENCE

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

Source: Seventh Circuit Pattern 1.18

Plaintiff's Instruction Number 16

Given:_____

Refused:_____

Withdrawn:_____

Objection:_____

## EXPERT WITNESS

You have heard Dr. Frederic Starr give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that Dr. Starr has given opinions does not mean that you are required to accept them. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinions, the witness's qualifications, and all of the other evidence in the case.

Source: Seventh Circuit Pattern 1.21 (modified)

Plaintiff's Instruction Number 17

Given:_____

Refused:_____

Withdrawn:_____

Objection:_____

## DEMONSTRATIVE EXHIBITS

Certain diagrams and sketches have been shown to you. Those items are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

Source: Seventh Circuit Pattern 1.24

Plaintiff's Instruction Number 18

Given:_____

Refused:_____

Withdrawn:_____

Objection:_____

**BURDEN OF PROOF**

When I say a particular party must prove something by "a preponderance of the evidence", or when I use the expression "if you find", or "if you decide", this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Source: Seventh Circuit Pattern 1.27

Plaintiff's Instruction Number 19

Given:_____

Refused:_____

Withdrawn:_____

Objection:_____

## SELECTION OF PRESIDING JUROR;
## GENERAL VERDICT

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

[Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

Source: Seventh Circuit Pattern 1.32

Plaintiff's Instruction Number 20

Given:_____

Refused:_____

Withdrawn:_____

Objection:_____

22

## COMMUNICATION WITH COURT

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

Source: Seventh Circuit Pattern 1.33

Plaintiff's Instruction Number 21

Given:_____

Refused:_____

Withdrawn:_____

Objection:_____

23

## DISAGREEMENT AMONG JURORS

The verdicts must represent the considered judgment of each juror. Your verdicts, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

Source: Seventh Circuit Pattern 1.34

Plaintiff's Instruction Number 22

Given:_____

Refused:_____

Withdrawn:_____

Objection:_____

## CAUTIONARY INSTRUCTION BEFORE RECESS

We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me about it immediately. Do not read or listen to any news reports of the trial. Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

I may not repeat these things to you before every break that we take, but keep them in mind throughout the trial.

Source: Seventh Circuit Pattern 2.01

Plaintiff's Instruction Number 23

Given:_____

Refused:_____

Withdrawn:_____

Objection:_____

## USE OF INTERROGATORIES

Evidence will now be presented to you in the form of written answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before this trial in response to written questions.

You must give the answers the same consideration as if the answers were made from the witness stand.

Source: Seventh Circuit Pattern 2.09

Plaintiff's Instruction Number 24

Given:_____

Refused:_____

Withdrawn:_____

Objection: _____

**IMPEACHMENT BY CONVICTION OF CRIME\*\***

You have heard evidence that Plaintiff has been convicted of a crime. You may use that evidence only to help you decide whether to believe Plaintiff and how much weight to give his testimony.

Source: Seventh Circuit Pattern 2.11

Plaintiff's Instruction Number 25

Given:_____

Refused:_____

Withdrawn:_____

Objection: _____

\*\*      Plaintiff is conditionally offering this instruction.  The Plaintiff only offers this instruction if his convictions are deemed admissible.

27

## JUDGE'S COMMENTS TO LAWYER

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may caution or warn during the trial.

Source: Seventh Circuit Pattern 2.14

Plaintiff's Instruction Number 26

Given:_____

Refused:_____

Withdrawn:_____

Objection:_____

## PLAINTIFF'S CLAIMS - ROADMAP

The Plaintiff, Robert Horne, has asserted claims under both federal law and the law of Illinois against the Defendants. You must consider each claim separately.

First, Plaintiff claims that Defendant Rodenberg violated his rights under the United States Constitution by using excessive force against him.

Second, Plaintiff claims that Defendant Celani violated his rights under the United States Constitution by failing to intervene to prevent or stop the excessive use of force by Defendant Rodenberg

Third, Plaintiff claims that Defendant Rodenberg and Defendant City of Chicago, by and through the conduct of Defendant Rodenberg, violated Illinois law by committing a battery against Plaintiff.

Fourth, Plaintiff claims that Defendant Rodenberg, and Defendant City of Chicago, by and through the conduct of Defendant Rodenberg, violated Illinois law by acting in a willful and wanton manner towards the Plaintiff.

Fifth, Plaintiff claims that Defendant Celani, and Defendant City of Chicago, by and through the conduct of Defendant Celani, violated Illinois law by acting in a willful and wanton manner towards the Plaintiff.

The Defendants deny all of these claims. I will now discuss each of these claims in turn.


Source: Plaintiff's Complaint

Plaintiff's Instruction Number 27

Given:_____

Refused:_____

Withdrawn:_____

**Objection:   Defendants object to the use of this instruction on the grounds that the instruction is inappropriate because "willful and wanton conduct" is not a separate, independent claim.  *See Rhyan v. City of Waukegan,* 810 F. Supp. 2d 755 (N.D. Ill. 2011); *Ziarko v. Soo Line R. Co.,* 161 Ill. 2d 267, 641 N.E.2d 402 (Ill. 1994).  Also, reference to the City of Chicago in these instructions is inappropriate, as there are no claims against the City independent of *respondeat superior.*  This will be the subject of a separate motion. Defendants, therefore, propose the use of Defendants' Instruction No. 14.**

## EXCESSIVE FORCE – RODENBERG

In this case, Plaintiff claims that Defendant Rodenberg used excessive force against him. To succeed on this claim, Plaintiff must prove by a preponderance of the evidence that:

Defendant Rodenberg used unreasonable force against Plaintiff.

If you find that Plaintiff has proved this by a preponderance of the evidence, then you should find for Plaintiff on this claim, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff did not prove this by a preponderance of the evidence, then you should find for Defendant Rodenberg on this claim, and you will not consider the question of damages on this claim.

Source: Seventh Circuit Pattern 7.08 (Modified)

Plaintiff's Instruction Number 28

Given:_____

Refused:_____

Withdrawn:_____

Objection: _____

## EXCESSIVE FORCE – DEFINITION OF "UNREASONABLE"

You must decide whether Defendant Rodenberg's use of force was unreasonable from the perspective of a reasonable officer facing the same circumstances that he faced. You must make this decision based on what Defendant Rodenberg knew at the time of the arrest, not based on what you know now. In deciding whether Defendant Rodenberg's use of force was unreasonable, you must not consider whether his intentions were good or bad.

In performing his job, an officer can use force that is reasonably necessary under the circumstances. However, a police officer may not use force against a suspect who is subdued and complying with officer's orders.

Source:      Seventh Circuit Pattern 7.09 (modified); Johnson v. Scott, 576 F.3d 658, 660 (7th Cir. 2009 ("It is well established that a police officer may not continue to use force against a suspect who is subdued and complying with the officer's orders."); Holmes v. Village of Hoffman Estates, 511 F.3d 673, 687 (7th Cir. 2007)(no reasonable officer could have thought it permissible to grind a knee in plaintiff's face after he was on the ground, not resisting, and in handcuffs); Miller v. Smith, 220 F.3d 491 (7th Cir. 2000)(The plaintiff's account of being handcuffed and then "smacked around" while he was on the ground was sufficient to survive summary judgment on excessive force); Rambo v. Daley, 68 F.3d 203, 207 (7th Cir. 1995)(police officers violated the Constitution by punching a handcuffed, passive suspect for asking a question).

Plaintiff's Instruction Number 29

Given:_____

Refused:_____

Withdrawn:_____

**Objection:  X – Defendants object to this instruction on the grounds that the modification proposed by Plaintiff is an inappropriate isolation of specific factors to be considered by a jury in determining whether force was reasonable.  Additionally, Plaintiff's modification is confusing and its use is unfairly prejudicial to Defendants.  There is no reason not to use the Seventh Circuit's Pattern Instruction.  Defendants, therefore, propose Defendants' Instruction 6.**

## FAILURE TO INTERVENE – CELANI

In this case, Plaintiff claims that Defendant Celani failed to intervene to prevent or stop Defendant Rodenberg from using excessive force. To succeed on this claim, Plaintiff must prove each of the following things by a preponderance of the evidence:

1.  Defendant Rodenberg used excessive force on Plaintiff;

2.  Defendant Celani knew that Defendant Rodenberg was using excessive force or was about to use excessive force on Plaintiff;

3.  Defendant Celani had a realistic opportunity to do something to prevent or stop the harm from occurring;

4.  Defendant Celani failed to take reasonable steps to prevent harm from occurring; and

5.  Defendant Celani's failure to act caused Plaintiff to suffer harm.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you should find for Plaintiff on this claim, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you should find for Defendant Celani on this claim, and you will not consider the question of damages on this claim.

Source: Seventh Circuit Pattern 7.16 (modified)

Plaintiff's Instruction Number 30

Given:_____

Refused:_____

Withdrawn:_____

**Objection:   X — Defendants object to this instruction on the grounds that Plaintiff's proposed modification to paragraph 3 is unreasonably duplicative. Defendants, instead, propose the use of Defendants' Instruction No. 8.**

32

## FAILURE TO INTERVENE – REALISTIC OPPORTUNITY DEFINED

A realistic opportunity to intervene may exist whenever an officer could have called for backup, called for help, or at least cautioned the Defendant using excessive force to stop doing so.

Source:      Abdullahi v. City of Madison, 423 F.3d 763, 774 (7th Cir. 2005); Yang v. Hardin, 37 F.3d 282 (7th Cir. 1994)

Plaintiff's Instruction Number 31

Given:_____

Refused:_____

Withdrawn:_____

**Objection:  X – Defendants object to this instruction on the grounds that it is unnecessary, confusing and represents an incomplete statement of the law.**

33

## LACK OF INTENT TO HARM DOES NOT ABSOLVE DEFENDANTS

The fact that a Defendant had no specific intent or purpose to deprive Plaintiff of his civil rights will not absolve that Defendant from liability if he did in fact deprive Plaintiff of those rights.

Source: <u>Kerr v. City of Chicago</u>, 424 F.2d 1134, 1140 (7th Cir. 1970)("The fact that the defendants had no specific intent or purpose to deprive plaintiff of his civil rights will not absolve them from liability if they did in fact deprive him of those rights.")

Plaintiff's Instruction Number 32

Given:_____

Refused:_____

Withdrawn:_____

**Objection: X – Defendants object to this instruction on the grounds that the instruction is unnecessary, confusing and in direct conflict with Plaintiff's Instruction No. 29 and Defendants' Instruction No. 6.**

## BATTERY – RODENBERG/CHICAGO

In this case, Plaintiff claims that Defendant Rodenberg and Defendant City of Chicago, by and through the conduct of Defendant Rodenberg, battered him. To succeed on this claim, Plaintiff must prove each of the following things by a preponderance of the evidence:

1. That Defendant Rodenberg had the intent to cause a harmful or offensive physical contact with Plaintiff;

2. That Defendant Rodenberg made physical contact with Plaintiff; and

3. That the physical contact was harmful or offensive.

An offensive contact is contact that offends a reasonable sense of personal dignity.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you should find for Plaintiff on this claim, and against Defendants Rodenberg and City of Chicago, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any of these things by a preponderance of the evidence, then you should find for Defendants Rodenberg and City of Chicago on this claim, and you will not consider the question of damages on this claim.

Source:      Flores v. Santiago, 2013 IL App (1st) 122454, 986 N.E.2d 1216 (1st Dist. 2013) ("…battery is committed by an individual if: " '(a) he acts intending to cause a harmful or offensive contact with the person of the other…and (b) a harmful contact with the person of the other directly or indirectly results….We have also defined battery as involving defendant performing some affirmative act intended to cause an unpermitted contact. Id. " '[T]he gist of the action for battery is not the hostile intent of the defendant, but rather the absence of consent to the contact on the part of the plaintiff.' "): Boyd v. City of Chicago, 378 Ill.App.3d 57, 69, 880 N.E.2d 1033, 1043-1044 (1st Dist. 2007)(" The tort of battery is defined as the unauthorized touching of another's person."); Happel v. Wal-Mart Stores, Inc., 316 Ill.App.3d 621, 737 N.E.2d 650 (2nd Dist. 2000) ("To allege battery, the plaintiff must allege that the defendant intended to cause a harmful or offensive contact and that a harmful or offensive contact resulted."); Cohen v. Smith, 269 Ill. App. 3d 1087, 1090-1091, 648 N.E.2d 329, 332-333 (5th Dist. 1995) ("Offensive contact" is said to occur when the contact "offends a reasonable sense of personal dignity... the defendant is liable not only for contacts which do actual physical harm, but also for those relatively trivial ones which are merely offensive and insulting… Causing actual physical harm is not an element of battery.")

Plaintiff's Instruction Number 33

Given:_____

Refused:_____

Withdrawn:_____

**Objection: X – Defendants object to this instruction on the grounds that the instruction is confusing and lacks the necessary language "without legal justification." *See Davis v. City of Chicago*, 2014 IL App (1st) 122427, 8 N.E.3d 120 (1st Dist. 2014). Also, reference to the City of Chicago in these instructions is inappropriate, as there are no claims against the City independent of *respondeat superior*. This will be the subject of a separate motion. Defendants, instead, propose the use of Defendants' Instruction No. 9.**

## WILLFUL AND WANTON CONDUCT RODENBERG/CHICAGO

In this case, Plaintiff claims that Defendant Rodenberg and Defendant City of Chicago, by and through the conduct of Defendant Rodenberg, acted in a willful and wanton manner towards the Plaintiff in one or more of the following respects:

        a.     Threw the Plaintiff to the ground;

        b.     Kicked the Plaintiff;

        c.     Used excessive force;

        d.     Were otherwise willful and wanton.

To succeed on this claim, Plaintiff must prove each of the following things by a preponderance of the evidence:

        1.     That the Defendants acted in one of the ways claimed by the Plaintiff as stated to you above, and that in so acting the Defendants were willful and wanton;

        2.     That the Plaintiff was injured;

        3.     That the willful and wanton conduct of the Defendants was a proximate cause of the injury to the Plaintiff.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you should find for Plaintiff on this claim, and against Defendants Rodenberg and City of Chicago, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any of these things by a preponderance of the evidence, then you should find for Defendants Rodenberg and City of Chicago on this claim, and you will not consider the question of damages on this claim.

Source: Illinois Pattern Instructions 20.01 & 21.02 (combined & modified); Plaintiff's Complaint

Plaintiff's Instruction Number 34

Given:_____

Refused:_____

Withdrawn:_____

**Objection: X – Defendants object to the use of this instruction on the grounds that the instruction is inappropriate because "willful and wanton conduct" is not a separate, independent claim.** ***See Rhyan v. City of Waukegan*, 810 F. Supp. 2d 755 (N.D. Ill. 2011); *Ziarko v. Soo Line R. Co.*, 161 Ill. 2d 267, 641 N.E.2d 402 (Ill. 1994). Also, reference to the**

City of Chicago in these instructions is inappropriate, as there are no claims against the City independent of *respondeat superior.* This will be the subject of a separate motion.

## WILLFUL AND WANTON CONDUCT CELANI /CHICAGO

In this case, Plaintiff claims that Defendant Celani and Defendant City of Chicago, by and through the conduct of Defendant Celani, acted in a willful and wanton manner towards the Plaintiff in one or more of the following respects:

      a.     Failed to intervene to stop or prevent the excessive use of force;

      b.     Were otherwise willful and wanton.

To succeed on this claim, Plaintiff must prove each of the following things by a preponderance of the evidence:

      1.     That the Defendants acted in one of the ways claimed by the Plaintiff as stated to you above, and that in so acting the Defendants were willful and wanton;

      2.     That the Plaintiff was injured;

      3.     That the willful and wanton conduct of the Defendants was a proximate cause of the injury to the Plaintiff.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you should find for Plaintiff on this claim, and against Defendants Celani and City of Chicago, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any of these things by a preponderance of the evidence, then you should find for Defendants Celani and City of Chicago on this claim, and you will not consider the question of damages on this claim.

Source: Illinois Pattern Instructions 20.01 & 21.02 (combined & modified); Plaintiff's Complaint

Plaintiff's Instruction Number 35

Given:_____

Refused:_____

Withdrawn:_____

**Objection: X – Defendants object to the use of this instruction on the grounds that the instruction is inappropriate because "willful and wanton conduct" is not a separate, independent claim. *See Rhyan v. City of Waukegan*, 810 F. Supp. 2d 755 (N.D. Ill. 2011); *Ziarko v. Soo Line R. Co.*, 161 Ill. 2d 267, 641 N.E.2d 402 (Ill. 1994). Also, reference to the City of Chicago in these instructions is inappropriate, as there are no claims against the City independent of *respondeat superior*. This will be the subject of a separate motion.**

## DEFINITION OF WILLFUL AND WANTON CONDUCT

When I use the expression "willful and wanton conduct" I mean a course of action which shows actual or deliberate intention to harm or which, if not intentional, shows an utter indifference to or conscious disregard for a person's own safety.

Source: Illinois Pattern Jury Instructions 14.00

Plaintiff's Instruction Number 36

Given:_____

Refused:_____

Withdrawn:_____

Objection: _____

40

## DUTY TO REFRAIN FROM WILLFUL AND WANTON CONDUCT

It was the duty of the Defendants, before and at the time of the occurrence, to refrain from willful and wanton conduct which would endanger the safety of the Plaintiff.

Source: Illinois Pattern Jury Instructions 14.04

Plaintiff's Instruction Number 37

Given:_____

Refused:_____

Withdrawn:_____

**Objection: X – Defendants object to this instruction on the grounds that the instruction is unnecessary as breach of duty is not an element of Plaintiff's claims.**

## PROXIMATE CAUSE – DEFINITION

When I use the expression "proximate cause," I mean any cause which, in natural or probable sequence, produced the injury complained of. It need not be the only cause, nor the last or nearest cause. It is sufficient if it concurs with some other cause acting at the same time, which in combination with it, causes the injury.

Source: Illinois Pattern Jury Instructions 15.01

Plaintiff's Instruction Number 38

Given:_____

Refused:_____

Withdrawn:_____

**Objection: X – Defendants object to this instruction on the grounds that the instruction is inappropriate in light of the evidence that is expected to be presented in this case, specifically that Plaintiff's conduct was the cause of his injuries. *See* Comment, IPI 15.01. Defendants, instead, propose the use of Defendants' Instruction No. 10.**

## DAMAGES: PREFATORY INSTRUCTION

If you find that Plaintiff has proved any of his claims against any of the Defendants, then you must determine what amount of damages, if any, Plaintiff is entitled to recover.

If you find that Plaintiff has failed to prove all of his claims, then you will not consider the question of damages.

Source: Seventh Circuit Pattern 7.22

Plaintiff's Instruction Number 39

Given:_____

Refused:_____

Withdrawn:_____

Objection:_____

## DAMAGES: COMPENSATORY

If you find in favor of Plaintiff, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find he sustained and is reasonably certain to sustain in the future as a direct result of the excessive force, the failure to intervene, the battery and/or the willful and wanton conduct. These are called "compensatory damages."

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

1. The physical pain and suffering that Plaintiff has experienced and is reasonably certain to experience in the future. No evidence of the dollar value of physical pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of physical pain and suffering. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.

2. The emotional pain and suffering that Plaintiff has experienced and is reasonably certain to experience in the future. No evidence of the dollar value of emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of emotional pain and suffering. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.

3. The loss of a normal life that Plaintiff has experienced and is reasonably certain to experience in the future. No evidence of the dollar value of loss of a normal life has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of loss of a normal life. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.

4. The reasonable value of medical care and supplies that Plaintiff reasonably needed and actually received.

Source: Seventh Circuit Pattern 7.23 (modified)

Plaintiff's Instruction Number 40

Given:_____

Refused:_____

Withdrawn:_____

Objection: _____

## LOSS OF A NORMAL LIFE DEFINITION

When I use the expression "loss of a normal life", I mean the temporary or permanent diminished ability to enjoy life. This includes a person's inability to pursue the pleasurable aspects of life.

Source: Illinois Pattern Jury Instructions 30.04.02

Plaintiff's Instruction Number 41

Given:_____

Refused:_____

Withdrawn:_____

Objection:_____

45

## DAMAGES: PUNITIVE

If you find for Plaintiff on his excessive force or failure to intervene claims, you may, but are not required to, assess punitive damages against one or more of the individual Defendant(s). The purposes of punitive damages are to punish a Defendant for his conduct and to serve as an example or warning to Defendant(s) and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Defendant(s). You may assess punitive damages only if you find that the individual Defendant's conduct was malicious or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, it reflects complete indifference to Plaintiff's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendant(s)' conduct;

- the impact of Defendant(s)' conduct on Plaintiff;

- the relationship between Plaintiff and Defendant(s);

- the likelihood that Defendant(s) would repeat the conduct if an award of punitive damages is not made;

- the relationship of any award of punitive damages to the amount of actual harm Plaintiff suffered.

Source: Seventh Circuit Pattern 7.24 (modified)

Plaintiff's Instruction Number 42

Given:_____

Refused:_____

Withdrawn:_____

**B.**     **DEFENDANTS' ADDITIONAL PROPOSED INSTRUCTIONS WITH PLAINTIFF'S OBJECTIONS**

**(Parties agree where no objection is indicated)**

## EVIDENCE LIMITED TO CERTAIN PARTIES

Each party is entitled to have the case decided solely on the evidence that applies to that party. You must consider the evidence concerning each individual officer only in the case against each individual officer. You must not consider it against any other party.

**DEFENDANTS' INSTRUCTION NO. 1**

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

**OBJECTION: This is not an accurate statement of the law as it applies in this case, particularly as it relates to the state law claim. The City of Chicago is also a Defendant, therefore, evidence against the individuals may be considered against the City of Chicago. As such, this instruction will lead to jury confusion.**

*7th Circuit Pattern Civil Jury Instruction 1.10*

## TESTIMONY OF WITNESSES
## (DECIDING WHAT TO BELIEVE)

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- the witness's age;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

**DEFENDANTS' INSTRUCTION NO. 2**

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

**OBJECTION: The Plaintiff has offered an alternative instruction (#11) which includes a caution to the Jury that it should not give law enforcement witnesses more credence than other witnesses. In <u>U.S. v. Martin</u>, 507 F.2d 428, 432-433 (7th Cir. 1974), the Seventh Circuit found it error to not question potential jurors regarding potential law enforcement bias when the case boils down to believing government officials or non-government officials. At bottom, in order to insure against law enforcement bias, it is not enough to simply question the jurors (where such a bias may be hidden), the Jury should also explicitly be informed that it should not add more weight to police officer testimony –**
**which is precisely what the Plaintiff's version of this instruction seeks to accomplish.**

*7th Circuit Pattern Civil Jury Instruction 1.13*

## PRIOR INCONSISTENT STATEMENTS OR ACTS

You may consider statements given by parties or witnesses under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

**DEFENDANTS' INSTRUCTION NO. 3**

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

**OBJECTION: This is an inaccurate statement of the law. A prior statement by a party does not need to be under oath to be considered substantively. See FRE 801. The Plaintiff has offered a jury instruction (#12) that accurately states the law, and that conforms to the pattern instructions.**

*7th Circuit Pattern Civil Jury Instruction 1.14*

## MULTIPLE CLAIMS;
## MULTIPLE DEFENDANTS

You must give separate consideration to each claim and each party in this case. Although there are two individual defendants, it does not follow that if one is liable, any of the others is also liable.

In considering a claim against a defendant, you must not consider evidence admitted only against other defendants or only as to other claims.

**DEFENDANTS' INSTRUCTION NO. 4**

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

**OBJECTION: This is not an accurate statement of the law as it applies in this case, particularly as it relates to the state claims. The City of Chicago is also a Defendant, therefore, evidence against the individuals may be considered against the City of Chicago. As such, this instruction will lead to jury confusion. Further, this instruction is a slightly modified version of Defendants' #1, and is therefore duplicative.**

*7th Circuit Pattern Civil Jury Instruction 1.25*

## NO NEED TO CONSIDER DAMAGES INSTRUCTION

If you decide for the Defendants on the question of liability, then you should not consider the question of damages.

**DEFENDANTS' INSTRUCTION NO. 5**

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

**OBJECTION: This is duplicative of the issues instructions, and is prejudicial to the Plaintiff by repeatedly telling the jury that they need not consider damages.**

*7th Circuit Pattern Civil Jury Instruction 1.31*

## FOURTH AMENDMENT/FOURTEENTH AMENDMENT:
### DEFINITION OF "UNREASONABLE"

You must decide whether any use of force by Defendant Rodenberg was unreasonable from the perspective of a reasonable officer facing the same circumstances that Defendant Rodenberg faced. You must make this decision based on what the officers knew at the time of the arrest, not based on what you know now. In deciding whether any use of force by Defendant Rodenberg was unreasonable, you must not consider whether Defendant Rodenberg's intentions were good or bad.

In performing his job, an officer can use force that is reasonably necessary under the circumstances.

**DEFENDANTS' INSTRUCTION NO. 6**

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

**Objection: The Plaintiff objects because this instruction is an incomplete statement of the law. The Plaintiff claims that he was subjected to unreasonable force, in part, because he was subjected to the uses of force after he had already given up and was complying. The law is clear that, "… a police officer may not continue to use force against a suspect who is subdued and complying with the officer's orders." Johnson v. Scott, 576 F.3d 658, 660 (7th Cir. 2009). Given the nature of the claims in this case, the jury must be informed that police officers cannot use force against a subdued and compliant arrestee. The Plaintiff's version includes this additional statement of the law.**

*Seventh Circuit Pattern Jury Instruction (civil) 7.09 (modified)*

53

## GENERAL: REQUIREMENT OF PERSONAL INVOLVEMENT

Plaintiff must prove by a preponderance of the evidence that Defendants Celani and Rodenberg were personally involved in the conduct that Plaintiff complains about. You may not hold Defendant Celani and Defendant Rodenberg liable for what other employees did or did not do.

**DEFENDANTS' INSTRUCTION NO. 7[1]**

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

**OBJECTION: This is an unnecessary instruction and will only serve to confuse the jury since the issue of personal involvement is not at issue.**

*Seventh Circuit Pattern Jury Instruction 7.02*

---

[1] Defendants propose this instruction be read immediately before the "failure to intervene" instruction, which should be modified to begin with "However." *See* Committee Comments, Seventh Circuit Pattern Jury Instruction 7.02.

## CLAIM FOR FAILURE OF "BYSTANDER" OFFICER TO INTERVENE

To succeed on his failure to intervene claim, Plaintiff must prove each of the following things by a preponderance of the evidence:

1.    Defendant Rodenberg used excessive force on Plaintiff;

2.    Defendant Celani knew that Defendant Rodenberg was or was about to use excessive force on Plaintiff;

3.    Defendant Celani had a realistic opportunity to do something to prevent harm from occurring;

4.    Defendant Celani failed to take reasonable steps to prevent harm from occurring; and

5.    Defendant Celani's failure to act caused Plaintiff to suffer harm.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you should find for Plaintiff on this claim, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you should find for Defendant Celani on this claim, and you will not consider the question of damages on this claim.

**DEFENDANTS' INSTRUCTION NO. 8**

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

**OBJECTION: This is an inaccurate statement of the law. The Plaintiff may prevail if he proves that Celani either failed to prevent _or_ failed to stop the excessive force. The Plaintiff has offered an alternate jury instruction (#30) that addresses this aspect of the law. See Abdullahi v. City of Madison, 423 F.3d 763, 774 (7th Cir. 2005); Yang v. Hardin, 37 F.3d 282 (7th Cir. 1994).**

*Seventh Circuit Pattern Jury Instruction 7.16 (modified)*

## STATE LAW BATTERY CLAIM

Plaintiff claims that Defendant Rodenberg violated state law by committing a battery against him. To succeed on a claim of battery, Plaintiff has the burden of proving each of the following elements by a preponderance of the evidence against Defendant Rodenberg:

1. That Defendant Rodenberg had intent to cause a harmful or offensive contact with the Plaintiff without legal justification;

2. That Defendant Rodenberg actually made physical contact with the Plaintiff that was harmful or offensive without legal justification;

3. That Defendant Rodenberg's actions caused injury to the Plaintiff; and

4. That Defendant Rodenberg's conduct was willful and wanton.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence against Defendant Rodenberg, then you should find for the Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that a Plaintiff did not prove anyone of these things by a preponderance of the evidence against Defendant Rodenberg, then you should find for Defendant Rodenberg, and you will not consider the question of damages for that Plaintiff.

I will explain more about the individual items Plaintiff must prove in the instructions that follow.

## DEFENDANTS' INSTRUCTION NO. 9

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

**OBJECTION: This is an inaccurate statement of the law. The Plaintiff does not need to prove that the contact was without legal justification. Also, the Plaintiff does not need to prove willful and wanton conduct for a battery claim. The Plaintiff has offered a battery instruction (#33) that accurately states the law.**

*Illinois Forms of Jury Instruction § 43.30 (modified); see Davis v. City of Chicago, 2014 IL App (1ˢᵗ) 122427, 8 N.E.3d 120 (1ˢᵗ Dist. 2014)*

## DEFINITION OF "PROXIMATE CAUSE"

When I use the expression "proximate cause," I mean a cause that, in the natural or ordinary course of events, produced Plaintiff's injury.

**DEFENDANTS' INSTRUCTION NO. 10**

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

**OBJECTION: This is an inaccurate statement of the law, and needlessly fails to conform to the pattern instruction. The Plaintiff has offered an instruction (#38) that conforms to the pattern.**

*Illinois Pattern Jury Instruction 15.01 (modified)*

## DAMAGES FOR MORE THAN ONE INJURY

You must not award compensatory damages more than once for the same injury. For example, if the Plaintiff prevails on two claims, and establishes a dollar amount for her injuries, you must not award her any additional compensatory damages on each claim. The Plaintiff is only entitled to be made whole once, and may not recover more than she has lost. If different injuries are attributed to the separate claims, then you must compensate the Plaintiff fully for all her injuries.

**DEFENDANT'S INSTRUCTION NO. 11**

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

*5th Cir. Pattern Jury Inst. 15.14 (1998)*

## ATTORNEY FEES

If you find that a Defendant is liable for damages on any of Plaintiff s claims, you are not to consider attorney's fees for Plaintiff's counsel in this action. Attorney's fees to Plaintiff's counsel are not an element of compensatory damages for you to decide.

**DEFENDANT'S INSTRUCTION NO. 12**

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

**OBJECTION: This negative instruction is unnecessary and potentially confusing to the jury in that it interjects issues that are not before it. The jury is adequately told what to consider in awarding damages. Further, no authority is cited for the giving of this instruction other than 42 U.S.C. §1988 – which does not support this type of jury instruction.**

*42 U.S.C. § 1988*

## DAMAGES: PUNITIVE

If you find for Plaintiff on his excessive force or failure to intervene claims, you may, but are not required to, assess punitive damages against one or more of the individual Defendant(s). The purposes of punitive damages are to punish a Defendant for his conduct and to serve as an example or warning to Defendant(s) and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Defendant(s). You may assess punitive damages only if you find that a Defendant's conduct was malicious or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, it reflects complete indifference to Plaintiff's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendant(s)' conduct;

- the impact of Defendant(s)' conduct on Plaintiff;

- the relationship between Plaintiff and Defendant(s);

- the likelihood that Defendant(s) would repeat the conduct if an award of punitive damages is not made;

- Defendant(s)' financial condition;

- the relationship of any award of punitive damages to the amount of actual harm Plaintiff suffered.

**DEFENDANT'S INSTRUCTION NO. 13**

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____
**OBJECTION: The Plaintiff has filed a motion *in limine* to exclude reference to the Defendants' financial condition. The Plaintiff has offered an alternate instruction (#42)**
*Seventh Circuit Pattern Jury Instruction 7.24*

60

## CLAIMS - ROADMAP

The Plaintiff, Robert Horne, has asserted claims under both federal law and the law of Illinois against the Defendants. You must consider each claim separately.

First, Plaintiff claims that Defendant Rodenberg violated his rights under the United States Constitution by using excessive force against him.

Second, Plaintiff claims that Defendant Celani violated his rights under the United States Constitution by failing to intervene to prevent the excessive use of force by Defendant Rodenberg

Third, Plaintiff claims that Defendant Rodenberg violated Illinois law by committing a battery against Plaintiff.

The Defendants deny all of these claims. I will now discuss each of these claims in turn.

**DEFENDANT'S INSTRUCTION NO. 14**

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

**OBJECTION: This instruction does not reference Chicago – a party in this case – and does not reference the pending willful and wanton claims. The Plaintiff has offered an alternate instruction (#27)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT HORNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | NO.   13 C 3307 |
| | ) | |
| CITY OF CHICAGO, OFFICER CELANI  and | ) | |
| OFFICER RODENBERG, | ) | |
| | ) | |
| Defendants. | ) | |

## **DEFENDANTS' PROPOSED VERDICT FORM**

For each line, check one and only one of the two choices, i.e., for Plaintiff or for Defendant.

## PART I

### Plaintiff's Federal Excessive Force Claim

On Plaintiff's claim of excessive force against Defendant Rodenberg, we, the jury, unanimously find as follows:

For Plaintiff: _____          For Defendant Rodenberg: _____

### Plaintiff's Federal Failure to Intervene Claim

On Plaintiff's claim of failure to intervene against Defendant Celani, we, the jury, unanimously find as follows:

For Plaintiff: _____          For Defendant Celani: _____

### Plaintiff's State Law Battery Claims

On Plaintiff's state law battery claim against Defendants Rodenberg, we, the jury, unanimously find as follows:

For Plaintiff: _____          For Defendant Rodenberg: _____

### Plaintiff's State Law Willful and Wanton Claims

On Plaintiff's state law willful and wanton claims against Defendants Rodenberg and Celani, we, the jury, unanimously find as follows:

For Plaintiff: _____    For Defendant Rodenberg: _____

For Plaintiff: _____    For Defendant Celani: _____

      If you found in favor of Plaintiff and against either Defendant Rodenberg or Celani on Plaintiff's state law battery and willful and wanton claims, then you are to find against the City of Chicago below. However, if you found in favor of both Defendants Rodenberg or Celani on Plaintiff's state law battery and willful and wanton claims, then you are to find against the Plaintiff and in favor of the City of Chicago Below.

For Plaintiff: _____    For Defendant City of Chicago: _____

      If you found for Plaintiff on any claim above, continue to Part II. If you found against the Plaintiff and in favor of the Defendants on all of Plaintiff's claims, place a zero in parts II and III of this verdict form.

## PART II

Plaintiff is awarded compensatory damages in the following amount(s):

      $ _____

      If you found in favor of the Plaintiff and against either Defendant Rodenberg or Celani on Plaintiff's federal claims for excessive force or failure to intervene and you awarded compensatory damages to Plaintiff, you may, but are not required to, award punitive damages against the individual defendant police officer that you found against. If you choose to award punitive damages against an individual defendant police officer, enter that amount in Part III. If you choose not to award punitive damages against Defendants Rodenberg and Celani, then enter zero in part III

## PART III

We award Plaintiff punitive damages as follows:

Defendant Rodenberg:     $ _____

Defendant Celani:     $ _____

      Please sign and date below and return the entire Verdict Form to the marshal (each juror must sign the form).

Date: _____

_____    _____
Foreperson

5

_____   _____

_____   _____

_____   _____

_____   _____

_____   _____